MARTHA A. WALLENDER v. WINTERSMITH, WALKER & CO.

[Abstract Kentucky Law Reporter, Vol. 2—232.]

**Husband and Wife—Husband's Creditors.**

The fact that a husband many years ago received money from his wife's father for purposes of investment in the wife's name, but such purposes were not carried out by him, although he had promised his wife to do so, will not, as against the husband's creditors, entitle the wife to claim the ownership of real estate purchased with such money and conveyed to the husband.

APPEAL FROM LOGAN CIRCUIT COURT.

February 26, 1881.

OPINION BY JUDGE PRYOR:

Although the estoppel is not pleaded in this case the contract of the appellant conduces strongly to show that the conveyance to her from Riley was never delivered to nor accepted by her from her husband as vesting her with any interest in this property. It was not delivered to the appellant by Riley, and the husband of the appellant, who must have known more of his pecuniary condition than any one else, regarded the act of passing this title to his wife as a wrong upon his creditors. This fact he recognized, as well as the obligation he was under to her, and her own statement shows the reason why the deed was not delivered and recorded.

The acts and conduct of the wife and husband were all perfectly consistent with the motives influencing the husband with reference to the property. When he became a bankrupt and was compelled to surrender the property owned by him this house was listed as a part of the estate, and in obtaining his final discharge, being in the occupancy and asserting his right to a homestead, he was allowed one thousand dollars out of the proceeds of the estate in lieu of homestead. Besides, when this house and lot were sold, the appellant and her husband were present, as well as the attorney for her father. Her brother was also present, and not one word was uttered by any of them by way of objection to the sale being made. No claim of title was asserted by the appellant, but the purchaser permitted to execute his bonds for the purchase-money.

It is true that this purchaser and Browder, the assignee in bankruptcy, knew that Williamson was not invested with the legal title; both had been informed of that fact. But at the same time they knew that Riley had exchanged with Williamson this house and lot for other property, and would have to convey the title. There is nothing in the record conducing to show that there was any reason for believing that the appellant had any claim upon it, but on the contrary every action on the part of both the appellant and her husband was an invitation to others to bid at the sale, and there was nothing that transpired to place any one on inquiry with reference to the claim of the wife. That the husband had many years prior thereto received money from the wife's father for purposes

of investment in the wife's name may be true, but these purposes were never complied with; and such agreements between husband and wife as to the disposition he will make of the wife's money after having reduced it to possession will not be enforced against the claims of creditors, as has been repeatedly decided by this court.

We are satisfied after a careful examination of the record that the chancellor acted properly in dismissing the appellant's petition.

Judgment *affirmed*.

*Golladay & Frazer*, for appellant.

*William Lindsay*, for appellees.

[Cited, *Wright v. Williams*, 25 Ky. L. 1377, 77 S. W. 1128.]